

ENTERED
04/18/2013

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| ROBERT T. SMITH, | ) CASE NO. 11-39101-H3-7 |
| Debtor, | ) |

MEMORANDUM OPINION

The court has previously entered a Judgment with respect to the "Claimants Dan Hennigan & Delia M. Stephens' Objection to Debtor's Claim of Homestead Exemption" (Docket No. 39) and "Trustee's Objection to Debtor's Homestead Exemption" (Docket No. 48). The following are the Findings of Fact and Conclusions of Law of the court, pursuant to Bankruptcy Rule 7052. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

Robert T. Smith ("Debtor") filed a voluntary petition under Chapter 7 of the Bankruptcy Code on October 27, 2011. W. Steve Smith ("Trustee") is the Chapter 7 Trustee.

In Debtor's Schedule C, filed in the above captioned case, Debtor claims as exempt, under the Texas exemptions, real

property located at 3727 Shore Shadows Dr., Crosby, Texas. (Docket No. 10).

Debtor acquired his interest in the property under the will of Barbara Christley, Debtor's aunt. Debtor testified that he moved into the property, at Christley's request, during 2005. He testified that he lived with and cared for Christley, until she died of cancer during January, 2008.

Debtor testified that he moved from Australia to move into the property. He testified that, after Christley died, he wasn't sure whether he intended to return to Australia or remain in Texas. He testified that he was born in the Houston, Texas area, and lived in Texas until he was 30 years old. He testified that he is a U.S. citizen.

Tammy Manning, an attorney who represented Katherine Reeve, the executor of Christley's probate estate, testified that a dispute arose between Debtor and Reeve as to the timing and distribution of assets under Christley's will. Manning testified that the will set out an order of payment of specific pecuniary bequests, each of which was to be satisfied from assets of the probate estate. She testified that the will also provided that Debtor could continue to live in the home, and required that the probate estate pay Debtor's living expenses while he continued to live in the home, or to pay Debtor's living expenses in another home, if Debtor were forced to move out of the home. She testified that the will did not provide an end of the term during

which the probate estate was to pay Debtor's living expenses. She testified that the probate estate's payment of Debtor's living expenses were to be considered an advance against Debtor's claim to 50 percent of the residuary of the probate estate.  She testified that, if the probate estate had insufficient assets to pay all pecuniary bequests, the probate estate was to liquidate assets, including the home, in order to pay the pecuniary bequests.  She testified that Debtor had already received advances totaling approximately $70,000 from the probate estate.

Manning testified that Reeve's first account of the estate estimated the value of assets to be $1.151 million, not including assets not located in Texas.

Under the will, Christley bequeathed the property at 3727 Shore Shadows to Debtor.  The will provides that the bequest was to have the highest preferential status allowed by law, and directed the executor to sell other property first to pay the specific bequests in the will.  (Trustee's Exhibit 1).

Manning testified that Debtor made several applications with the probate court for distribution, both of the homestead and the residuary estate.  She testified that Reeve took the position, in communications with Debtor, that seeking such distribution violated the will's "no contest" clause, thus resulting in Debtor's forfeiture of any interest in the estate.

Debtor and Reeve entered into a settlement agreement, under which Debtor would receive the homestead, and would forgo

any further distribution from the probate estate.  The settlement agreement reflects that Christley died on January 31, 2008. (Trustee's Exhibit 2).

On September 26, 2011, Reeve executed two special warranty deeds, as executor of the probate estate, conveying the property to Debtor.  (Debtor's Exhibits 4, 5).  The deeds were recorded in the real property records of Harris County, Texas on October 6, 2011.

Debtor testified that he borrowed money from several friends and family members in order to pay living expenses that were not disbursed by the probate estate.

Debtor testified that he had believed that he was to inherit a substantial sum of money.  He testified that he believed his share of the estate was taken from him.  He testified that he entered into the settlement with Reeve in order to ensure that he did not entirely lose his share of the probate estate.

Debtor testified that he filed the instant Chapter 7 case because the attorneys who represented him in the probate court had threatened to take the house from him.[1]

Debtor testified that Bill and Susan Paul moved into the property with Debtor.  He testified that Bill Paul has

---

[1] The attorneys, Dan Hennigan and Delia Stephens, have filed a proof of claim in the amount of $199,177.92, which they assert is secured by the real property.  Debtor has objected to the secured status of the claim.

offered him $320,000 for the property.  He testified that he initially verbally indicated his assent to the offer, but that the offer later "went by the wayside."

Bill Paul testified that he and his wife moved into the property with Debtor in September, 2012.  He testified that his wife prepares meals for him and herself and Debtor.  He testified that he has been a friend of Debtor for three or four years.  He testified that he has made some improvements to the property, including building a fence.

Bill Paul testified that he is a tenant at will of Debtor.[2]  He testified that he makes no claim against the property or Debtor for the value of the improvements he has built on the property.

Bill Paul testified that, during the seven months he has resided at the property, Debtor had been away from the property from time to time to visit friends in Austin, Texas, Lafayette, Louisiana, and Australia.

The court finds the testimony of Tammy Manning, Debtor, and Bill Paul to be credible.

## Conclusions of Law

Trustee objects to the designation of the property located at 3727 Shore Shadows as homestead, on grounds Debtor's conduct violates Section 522(o) of the Bankruptcy Code, Debtor

---

[2] Bill Paul's specific testimony on that point, when asked whether he was a tenant at will, was:  "If that means he can tell me to leave whenever, yes."

lacked intent to make the property his homestead, and the exemption should be limited to $146,500 under Section 522(p) of the Bankruptcy Code because it was acquired within 1,215 days prepetition.

Dan Hennigan and Delia Stephens object to Debtor's designation of the property located at 3727 Shore Shadows as homestead, on grounds Debtor has never intended to make the property his permanent home, and on grounds Debtor has defrauded the friends and family from whom he borrowed funds.[3]  (Docket No. 39)

Bankruptcy Rule 4003(c) provides that the objecting party has the burden of proving that the exemptions are not properly claimed.

Section 522(o) of the Bankruptcy Code provides in pertinent part that the value of real property claimed as a homestead:

> shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of.

11 U.S.C. § 522(o).

---

[3] Although Hennigan and Stephens did not specifically so plead, their argument is the same one raised by Trustee under Section 522(o).

With respect to the fraud arguments under Section 522(o) of the Code, neither Trustee nor Hennigan and Stephens presented any evidence to establish a fraudulent intent.  The only evidence is that Debtor incurred debts.  The court concludes that neither Trustee nor Hennigan and Stephens has met their burden of proof.

In Texas, an individual who seeks homestead protection has the initial burden to establish the homestead character of the property.  To meet this initial burden of proof, the homestead claimant must show a combination of both overt acts of homestead usage and the intention on the part of the owner to claim the land as a homestead.  Once the claimant has established the homestead character of his property, the burden shifts to the creditor to disprove the continued existence of the homestead.  Once gained, homestead rights are not easily lost.  The only way for property to lose its homestead character, after it has been dedicated as a homestead, is by death, abandonment or alienation.  Matter of Bradley, 960 F.2d 502 (5th Cir. 1992).

In the instant case, Debtor has established the homestead character of his property by living there for the last eight years and claiming the property as his homestead.  Neither Trustee nor Hennigan and Stephens has met their burden of proof that Debtor has lost its homestead character.

Section 522(p) of the Bankruptcy Code provides in pertinent part for a limitation of an amount of interest acquired

by a debtor in the 1,215 day period preceding the date of filing of the petition.  11 U.S.C. § 522(p).

Trustee argues, without authority, that the property interest vested only upon execution of the settlement with Reeve. Under Section 37 of the Texas Probate Code, when a person dies, leaving a lawful will, all of the person's probate estate bequeathed by the will vests immediately in the devisees or legatees of the probate estate.  Tex. Prob. Code § 37.

Debtor's interest in the property vested on January 31, 2008, the date on which Christley died.  The 1,215 day period preceding the petition date in this case commenced on June 29, 2008.  Thus, 11 U.S.C. § 522(p) does not apply to the instant case.

The court concludes that neither Trustee nor Hennigan has met their burden of proving that Debtor's exemption of the property is not properly claimed.  Accordingly, the court has entered Judgment determining that Debtor's interest in the real property located at 3727 Shore Shadows Dr., Crosby, Texas is exempt.

Signed at Houston, Texas on April 18, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE